IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITY BANK**, | : | **CIVIL ACTION NO. 1:06-CV-0484** |
| Petitioner | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **SILVER MOON RESTAURANTS,** | : | |
| **INC., et al.,** | : | |
| Respondents | : | |

## ORDER

AND NOW, this 24th day of May, 2007, upon consideration of the petition (Doc. 32) to fix fair value pursuant to Section 8103(a) of Title 42 of the Pennsylvania Consolidated Statutes, requesting that the court establish the fair market value of the property located at 6341 York Road, New Oxford, Pennsylvania that was purchased by petitioner Unity Bank on December 27, 2006,[1] and it appearing that respondents have not filed an answer to the petition as of the date of this order,[2]

---

[1] On March 6, 2006, petitioner Unity Bank filed a complaint in confession of judgment against respondents to collect the unpaid balance of a mortgage that respondents used to purchase the aforementioned property. (Doc. 1.) By order of court dated October 12, 2006, the court entered judgment in favor of petitioner in the amount of $983,382.21. (Doc. 30.) In partial satisfaction of this judgment, petitioner purchased the aforementioned property at a United States Marshal's Sale conducted on November 9, 2006. (Doc. 32 ¶ 11.) Petitioner now seeks to collect the balance due on its judgment. To permit petitioner to ascertain this balance, the court must fix the fair market value of the purchased property. See 42 PA. CONS. STAT. ANN. § 8103(a).

[2] Under Pennsylvania law, "an answer to a petition which contains a notice to defend shall be filed within twenty days." PA. R. CIV. P. 3280. The petition in the instant case, which contains a notice to defend, was filed on April 2, 2007. (Doc. 32.) By order of court dated April 24, 2007, respondents were provided an additional twenty days in which to file an answer and were advised that failure to do so would "result in the court fixing the fair market value of the property . . . at the amount alleged in the petition." (See Doc. 33.)

and that when a respondent fails to file an answer "the court shall determine and fix as the fair market value of the property sold the amount thereof alleged in the petition to be the fair market value," 42 PA. CONS. STAT. ANN. § 8103(c)(1), it is hereby ORDERED that:

1. The fair market value of the property located at 6341 York Road, New Oxford, Pennsylvania that was purchased by petitioner Unity Bank on December 27, 2006 is fixed at $500,000.00.

2. The following amounts are to be deducted from the fair market value of the aforementioned property when determining respondents' deficiency liability:

    a. $32,930.77, which represents the real estate taxes paid by petitioner through the date of the United States Marshal's Sale;

    b. $22,493.65, which represents the maintenance costs and expenses incurred by petitioner through the date of the United States Marshal's Sale; and,

    c. $3,472.38, which represents the foreclosure costs and expenses incurred by petitioner through the date of the United States Marshal's Sale.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge